**RECORD NO. 13-4850**

# IN THE
# 𝕯nited 𝕾tates 𝕮ourt of 𝕬ppeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff - Appellee,*

v.

DAVID LEE HUGGARD,

*Defendant - Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

(HONORABLE JAMES P. JONES PRESIDING)

**OPENING BRIEF OF APPELLANT
DAVID ANTHONY TAYLOR**

Dennis E. Jones
DENNIS E. JONES & ASSOCIATES, P.C.
110 Abingdon Place
Abingdon, VA 24211
(276) 619-5005
dejones@bvu.net

*Counsel for Appellant*                                April 1, 2014

# TABLE OF CONTENTS

Page

TABLE OF CASES, STATUTES, AND AUTHORITIES ..................................... iii

JURISDICTIONAL STATEMENT ........................................................1

ISSUES OF THE PRESENTED.........................................................2

STATEMENT OF THE CASE...........................................................2

STATEMENT OF FACTS ............................................................3

SUMMARY OF THE ARGUMENT .....................................................8

STANDARD OF REVIEW ..........................................................10

ARGUMENT ...................................................................1

    The District Court Failed to Correctly Apply The 6 Prong *Moore* Test   .......................................................................11

    1.    Whether Huggard has offered credible evidence that his plea was not knowing or not voluntary.......................................12

        a.    The Plea was not voluntarily made .............................................13

    2.    Whether Huggard has credibly asserted his legal innocence ...............14

    3.    Whether there has been a lelay between the entering of the plea and the filing of the motion ................................................15

    4.    Whether the defendant has had close assistance of competent counsel.............................................................16

    5.    Whether the withdrawal will cause prejudice to the government ........17

i

6.    Whether the withdrawal will inconvenience the court and waste judicial resources ................................................................18

CONCLUSION ........................................................................19

REQUEST FOR ORAL ARGUMENT ................................................19

CERTIFICATE OF COMPLIANCE....................................................20

CERTIFICATE OF FILING AND SERVICE .......................................21

# TABLE OF AUTHORITIES

## CASES

*Bordenkircher v. Hayes*,
    U.S. 357 (1978)...................................................................................12

*United States v. Benton*,
    523 F.3d 424 (4th Cir. 2008) ..........................................................10

*United States v. Bowman*,
    348 F.3d 408 (4th Cir. 2003), *cert. denied,* 540 U.S. 1226 (2004) ...........13, 16

*United States v. Carr*,
    80 F.3d 413 (10th Cir. 1996) ..........................................................13

*United States v. DeFreitas*,
    865 F.2d 80 (4th Cir. 1989) ...............................................................9

*United States v. Dyess*,
    478 F.3d 224 (4th Cir. 2007) ..........................................................16

*Matthews v. Evatt*,
    105 F.3d 907 (4th Cir. 1997) ..........................................................16

*United States v. Faris*,
    388 F.3d 452 (4th Cir. 2004), sentence vacated on other grounds, 544
    U.S. 916 (2005)................................................................................17

*United States v. Farris*,
    388 F.3d at 260 ...............................................................................18

*United States v. Haley*,
    784 F.2d 1218 (4th Cir. 1986) ..........................................................9

*United States v. Hancock*,
    607 F.2d 337 (10th Cir. 1979) ........................................................11

*United States v. Hyde*,
    520 U.S. 670 (1997)...........................................................................9

*United States v. Jones,*
    168 F.3d 1217 (10th Cir. 1999) ....................................................................10

*United States v. Moore,*
    F.2d 245 (4th Cir. 1991) ...........................................................2, 8, 11, 12, 14

*United States v. Nicholson,*
    676 F.3d 376 (4th Cir. 2012)

*United States v. Rios-Ortiz*,
    830 F.2d 1067 (9th Cir. 1987) .........................................................................9

*United States v. Ruiz*,
    536 U.S. 622 (2002)......................................................................................12

*United States v. Saft*,
    558 F.2d 1073 (2nd Cir. 1977) ......................................................................10

*United States v. Sparks*,
    67 F.3d 1145 (4th Cir. 1995) .........................................................................11

*United States v. Still,*
    102 F.3d 118 (5th Cir. 1996), *cert. denied,* 522 U.S. 806 (1977) ..................10

*United States v. Thompson-Riviere*,
    561 F.3d 345 (4th Cir. 2009) .........................................................................11

*United States v. Ubakanma,*
    215 F.3d 421 (4th Cir. 2000) ...................................................................10, 16

*United States v. Valdez,*
    362 F.3d 903 (4th Cir. 2004) .........................................................................18

*United States v. Wilson*,
    81 F.3d 1300 (4th Cir. 1996) ...................................................................10, 18

## STATUTES

18 U.S.C. § 2241(I).................................................................................2, 3

18 U.S.C. § 2251(a)...............................................................................2, 3

18 U.S.C. § 2423...................................................................................2, 3

18 U.S.C. § 2423(b)..............................................................................1, 5

18 U.S.C. § 3231......................................................................................1

28 U.S.C. § 1291.....................................................................................1

## RULES

Fed. R. App. Proc. 28  ...........................................................................1

Fed. R. App. Proc. 32.............................................................................1

Fed. R. Crim. Proc. 11 ......................................................................5, 12

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

DAVID LEE HUGGARD                                        APPELLANT

v.                              Record No.:  13-4850

UNITED STATES OF AMERICA                              APPELLEE

## OPENING BRIEF OF DAVID LEE HUGGARD

Now comes the Appellant, David Lee Huggard (Huggard) and submits his Opening Brief in accordance with FRAP 28 and FRAP 32.

## JURISDICTIONAL STATEMENT

The United States District Court had subject matter jurisdiction over this case pursuant to 18 U.S.C. §3231.   The Government alleged that Huggard committed a certain crime punishable by federal statutes, and the offense is alleged to have occurred within the Western District of Virginia.  *See* 18 U.S.C. §2423(b) and *JA @ 18 Information.*

This Court has jurisdiction to hear appeals from the United States District Court pursuant to 28 U.S.C. §1291.

Huggard was sentenced on November 7, 2013, and Judgment was entered against Huggard on November 7, 2013.   *JA @ 141.*  Huggard noted an appeal on November 11, 2013.  *JA @ 148.*

1

## STATEMENT OF THE ISSUE PRESENTED

1.     Whether the District Court erred in denying Huggard's motion to allow him to withdraw his plea of guilty entered and accepted on February 25, 2013 because he unequivocally demonstrated fair and just reason to do so under the six prong factors of *United States v. Moore,* 931 F.2d 245 (4th Cir. 1991):

## STATEMENT OF THE CASE

On January 28, 2013 Huggard was arrested pursuant to a Criminal Complaint accusing him of transportation/travel with intent to engage in criminal sexual activity with a minor; aggravated sexual abuse of children and sexual exploitation of children in violation of 18 U.S.C. §§2423, 2241I and 2251(a) respectively.

Following negotiations between the Government and counsel for Huggard, Huggard entered into a written Plea Agreement with the Government dated February 25, 2013.  The Plea Agreement was based on an Information filed by the Government charging Huggard with "[O]n or about and between December 1, 2012 and December 24, 2012, in the Western District of Virginia and elsewhere, DAVID LEE HUGGARD traveled in interstate commerce for the purpose of engaging in illicit sexual conduct with another person.  All in violation of Title 18 United States Code, Section 2423(b)."  The District Court accepted Huggard's guilty plea following a Rule Colloquy on February 25, 2013.

2

Huggard notified the District Court, in writing on May 29, 2013 that he was not guilty as charged and wanted to withdraw his plea of guilty. Shortly thereafter, on June 6, 2013 Huggard's then counsel, Federal Defender, Brian J. Beck filed a motion to withdraw as counsel. Following a hearing on June 20, 2013 Mr. Beck was allowed to withdraw as counsel and present counsel was appointed to represent Huggard.

Huggard filed a formal motion to withdraw his guilty plea on October 2, 2013 in support of the earlier May 29, 2013 letter to the District Court. Following a hearing on October 8, 2013 the District Court denied Huggard's motion to withdraw his guilty plea.

Huggard was sentenced to serve a total term of 210 months following a sentencing hearing conducted November 7, 2013. This appeal followed.

## STATEMENT OF FACTS

On January 25, 2013 a Criminal Complaint was issued for the arrest of Huggard alleging the transportation/travel with intent to engage in criminal sexual activity with a minor; aggravated sexual abuse of children and sexual exploitation of children in violation of 18 U.S.C. §§2423, 2241I and 2251(a) respectively. *JA @ 10.* As a result of the Criminal Complaint, Huggard was arrested and taken into custody January 28, 2013 and detained. Shortly thereafter Magistrate Judge

Pamela Meade Sargent appointed Federal Public Defender Brian Jackson Beck to represent Huggard.

Negotiations were entered into between the Government and Huggard through their respective counsel for a resolution of the allegations contained in the Criminal Complaint.  The negotiations proved fruitful resulting in an agreement wherein Huggard would enter a plea of guilty to a One Count Information, Waive Indictment and execute a written plea agreement with stipulations.

Pursuant to the terms of the agreement between the Government and Huggard, the Government prepared and filed a One Count Information, *JA @ 18*, charging Huggard with "[O]n or about and between December 1, 2012 and December 24, 2012, in the Western District of Virginia and elsewhere, DAVID LEE HUGGARD traveled in interstate commerce for the purpose of engaging in illicit sexual conduct with another person.  All in violation of Title 18 United States Code, Section 2423(b)."  Huggard waived prosecution by indictment and consented to prosecution by information. *JA @ 19.*  Huggard and the Government then executed and presented the agreed upon Plea Agreement ("Agreement") [*JA @ 20]* to the District Court for consideration on February 25, 2013, twenty-nine days following his arrest.

The Agreement provided that Huggard would enter a plea of guilty to Count 1 of the Information, which charges him with "travel(ing) with the intent to engage

in illicit sexual conduct, in violation of 18 U.S.C. §2423(b).  The maximum statutory penalty is a fine of $250,000 and/or imprisonment for a term of thirty years, plus a term of supervised release." *JA @ 20.*  The Agreement provides that Huggard (1) "will not be allowed to withdraw my plea of guilty if the Court disregards the stipulations and/or recommendations set forth in the plea agreement;" (2) "agree(d) not to commit any of the following acts: attempt to withdraw my guilty plea;" and (3) "if the sentence is more severe than I expected, I will have no right to withdraw my guilty plea." *JA @ 22, 29 and 31.*

Immediately following the execution of the Agreement the District Court conducted a guilty plea hearing and FRCP 11 colloquy. *JA @ 34.*  During the colloquy Huggard was advised by the District Court as to the charge he was pleading guilty, "Count one of the information to which you are pleading guilty charges you with travel with the intent to engage in illicit sexual conduct in violation of Title 18 United States Code Section 2423(b)." *JA @ 43, L 8-11.*  The District Court then advised Huggard:

> THE COURT:     Do you understand that if I do not accept any recommendation concerning your sentence, as set forth in your plea agreement, you will still be bound by your plea of guilty and you will have no right to withdraw it?
>
> THE DEFENDANT:     What did you say?
>
> THE COURT:     Do you understand that if I do not accept any recommendation concerning your sentence, that's set forth in your plea

agreement, you will still be bound by your plea of guilty and you'll have no right to withdraw it?

THE DEFENDANT:    Yes, sir.

*JA @50, L 3-13.*

Following this exchange Huggard entered a plea of guilty to the charge as contained in the Plea Agreement and as stated to him by the District Court.

THE COURT:    How do you now plead to the charge contained in count one of the, of the information, guilty or not guilty?

MR. BECK:    Your Honor, I've reviewed, I'm aware of the court's plea colloquy. I believe Mr. Huggard wishes to answer the question about his plea that he's pleading guilty, I believe he wishes to answer that question by saying that this plea is clearly in his best interests, and he understands, and for that reason he is willing to plead guilty.

THE COURT:    All right. Is that correct, Mr. Huggard?

THE DEFENDANT:    Yes.

THE COURT:    How do you now plead to the charge contained in count one of the information, guilty or not guilty?

THE DEFENDANT:    Guilty.

*JA @ 54, L 2-20.* The District Court then announced "The plea is, therefore, accepted and the defendant is now adjudged guilty of that offense." *JA @55, L 3-4.*

After the guilty plea hearing, Huggard continued to evaluate his situation. Having given consideration to the charge, the evidence and his situation he callused to be mailed to the District Court a letter dated May 29, 2013 to the

District Court requesting that he be allowed to withdraw his guilty plea and proceed to trial. *JA @ 76.* This letter was forwarded, ex parte, that same day to Mr. Beck. *JA @ 117, L 9-16.* In the letter Huggard asserts his innocence in three different sentences, "I told him from day one that I wasn't guilty;" "I think saying your guilty when you are not is never the rite thing to do;" and "I am not guilty." *JA @ 76-77.* Huggard also refers to his state of mind "my lawyer has miss lead me and scared me to death to talk me into saying I'm guilty to something I did not do;" "I didn't know fully what I was doing;" "[I]f I wasn't in such a state of shock and my mind wasn't so fogged up and if I were thinking straight I would never have agreed to this." *JA @76.*

Immediately following receipt of the letter, Federal Defender Beck filed a motion to withdraw as counsel stating it was "counsel's belief that Mr. Huggard no longer has confidence in counsel's ability to adequately represent him. Defendant does not believe he has been adequately represented by counsel's advice to sign a plea agreement." *JA @ 57.* A hearing was held regarding the motion to withdraw on June 20, 2013. When questioned by the District Court regarding his case and going forward Huggard responded in part "here I am advised to enter a plea of guilty on something I'm definitely not guilty of." *JA @ 62, L 11-12.*

A formal Motion to Withdraw Guilty Plea was filed on behalf of Huggard on October 2, 2013. *JA @ 66.* Although the formal motion was filed October 2,

2013, the District Court considered Huggard's letter of May 29, 2013 the filing date of his motion. *JA @ 126, L4-6.* The hearing on the Motion to Withdraw Guilty Plea was conducted October 8, 2013. *JA @ 79-128.* Huggard testified that he was not guilty of the charges and had communicated this to Federal Defender Beck numerous times. *JA @ 83, L 3-6.* During the course of the hearing he continued to maintain his innocence when questioned by the District Court and the Government. *JA @ 93, L 3-4; 101, L 15-16; 108, L 18-21.*

At the conclusion of the hearing the District Court held that a "fair and just reason to withdraw the guilty plea has not been shown." *JA @ 127, L 11-14.* The motion to withdraw Huggard's guilty plea was denied.

Huggard appeared for sentencing on November 7, 2013. Huggard was sentenced to a term of imprisonment of 210 months. *JA @ 137, L 11-15.* Final judgment was entered November 7, 2013. *JA @ 141.* This appeal followed. *JA @ 148.*

## SUMMARY OF THE ARGUMENT

The District Court erred because it incorrectly applied the factors of *United States v. Moore,* 931 F.2d 245 (4th Cir.), *cert.* denied, 502 U.S. 857 (1991) to the claims of David Huggard. Huggard's two fundamental claims are that he is innocent of the charge and that his plea was involuntarily entered.

8

Under Fed. R. Crim. P. 32(d), a defendant does not have an absolute right to withdraw a guilty plea, even before sentencing. *United States v. Rios-Ortiz*, 830 F.2d 1067 (9th Cir. 1987). Rather, a defendant bears the burden of demonstrating to the district court's satisfaction that a "fair and just reason" supports his request to withdraw. Fed. R. Crim. P. 32(d); *United States v. DeFreitas*, 865 F.2d 80, 82 (4th Cir. 1989); *United States v. Haley,* 784 F.2d 1218, 1219 (4th Cir. 1986). The determination is entrusted to the discretion of the district court.

At the foundation of our criminal justice system is the right of a defendant to require the government to prove in a public trial his guilt beyond a reasonable doubt. The right to plead not guilty is an absolute right guaranteed to all defendants who enter the criminal justice system, and lies at the foundation of our society.

Once a guilty plea is entered however, the right to later withdraw that decision and demand a trial becomes more difficult. The right to put the government to the test of its case loses its earlier guarantee.

As a result of the essential role that plea bargaining and guilty pleas play in the current operation of the criminal justice machinery, over the years, courts and the rules of criminal procedure have imposed a number of prerequisites and tests to determine if a defendant is worthy of the opportunity to withdraw his guilty plea and demand a trial. *United States v. Hyde*, 520 U.S. 670 (1997). Despite these

sometimes high hurdles, Huggard believes he meet those tests in this case and that the district court erred when it denied his motion to withdraw his guilty plea and required the government to prove its case.

While there is no absolute right to withdraw a plea in the circumstances of this case, a motion to withdraw made prior to sentencing should be construed liberally in favor of the accused. In recognition that the right to trial plays in our system, it should be 'freely allowed, viewed with favor, treated with liberality and given a great deal of latitude." *United States v. Jones,* 168 F.3d 1217, 1219 (10th Cir. 1999). *See also, United States v. Still,* 102 F.3d 118, 124 (5th Cir. 1996), *cert. denied,* 522 U.S. 806 (1977).

## STANDARD OF REVIEW

The denial of a motion to withdraw a plea of guilty under Rule 11 is reviewed for an abuse of discretion. *United States v. Benton,* 523 F.3d 424 (4th Cir. 2008); *United States v. Ubakanma,* 215 F.3d 421 (4th Cir. 2000); *United States v. Wilson,* 81 F.3d 1300, 1304 (4th Cir. 1996).

Because of the broad discretion allowed district courts in reviewing withdrawal motions, *United States v. Saft,* 558 F.2d 1073 (2nd Cir. 1977), and the liberal construction in favor of a defendant's request to withdraw a guilty plea, some courts have observed that discretion is properly exercised only if it comports

10

with the accepted broad standard of liberality. *United States v. Hancock,* 607 F.2d 337 (10th Cir. 1979).

## ARGUMENT

### The District Court Failed To Correctly Apply The 6 Prong *Moore* Test

In *United States v. Moore,* 931 F.2d 245 (4th Cir.), *cert. denied,* 502 U.S. 857 (1991), the Court established 6 factors which district courts are required to use in the decision whether to grant a motion to withdraw a guilty plea prior to sentence. 931 F.2d at 248. Although all 6 of the *Moore* factors must be given appropriate weight, they are not necessarily of equal weight. *United States v. Sparks,* 67 F.3d 1145, 1154 (4th Cir. 1995). The first (voluntariness), second (assertion of innocence), and fourth (assistance of competent counsel) factors are considered the most important when analyzing the defendant's request. *Sparks, supra at 1154.* Huggard submits that the district court failed to properly weigh, analyze and apply those factors to the facts in his case.

It is important to keep in mind that *Moore* does not set a purely mechanical test, but calls for qualitative judgments and not "binary ones." This must be the case because of the conspicuous difficulty of defining with precision the Rule's operative terms of "fair and just." *United States v. Thompson-Riviere,* 561 F.3d 345, 348 (4th Cir. 2009); *Sparks, supra.* Huggard submits the district court erred in

11

its analysis of the three most critical factors. In the end, the clear balance favored the appellant and the district court erred when it concluded otherwise.

  1.  *Whether Huggard has offered credible evidence that his plea was not knowing or not voluntary.*

The Constitution insists that a defendant enter a plea of guilty that is voluntary and in so doing must make all related waivers of rights knowingly and intelligently and with sufficient awareness of the relevant circumstances and likely consequences. *United States v. Ruiz,* 536 U. S. 622, 629 (2002).

Huggard acknowledges that every guilty plea necessarily entails a choice among distasteful options. Thus, a plea is not automatically rendered involuntary because of the threat of prosecution on additional charges. *Bordenkircher v. Hayes,* 434 U.S. 357, 363 (1978). But the presence of putatively involuntary factors does raise an obligation on a district court to inquire further if the requirements of the Constitution are to be respected.

The primary tool to fulfill that responsibility is the Rule 11 colloquy. The purpose of the plea colloquy is to establish that the defendant knowingly and voluntarily enters into the guilty plea. *United States v. Nicholson,* 676 F.3d 376, 381 (4th Cir. 2012); *Moore,* 931 F.2d at 249. Federal courts conduct an extensive examination of the defendant under oath and require acknowledgment of the written plea after the examination of its terms to verify the defendant's understanding of these terms. The Rule 11 colloquy is specifically designed to

protect a defendant against an uniformed and involuntary plea. *United States v. Bowman,* 348 F.3d 408, 417 (4th Cir. 2003), *cert. denied,* 540 U.S. 1226 (2004). Huggard believes that the colloquy fell short of that goal in the present case.

a. The plea was not voluntarily made.

It should be axiomatic that a guilty plea must be the product of free will. A guilty plea is not voluntary and must be stricken if that free will is overborne by the prosecutor or by the accused's lawyer. *United States v. Carr,* 80 F.3d 413, 416 (10th Cir. 1996). Huggard submits that the District Court's decision that the plea was voluntary is contrary to the present record.

When presented with the plea agreement, Huggard was advised by his counsel that if he did not accept the proposal he would be charged with a greater offense and if found guilty would be sentenced to no less than 30 years imprisonment. This threat of additional charges and a minimum of 30 years imprisonment was a recurring reminder to Huggard. He was advised that in cases such as his that a conviction was automatic. *JA @ 84.* Not only did counsel give this advice, members of counsel's staff encouraged Huggard to accept the plea because there was no other option. Counsel contacted members of Huggard's family and encouraged them to contact Huggard and convince him to accept the plea. *JA @ 86.* Ultimately due to the nature of counsel's advice Huggard believed that he had no choice other than to accept the plea. The tactics of counsel were so

13

coercive that he was deprived of a "free will" in agreeing to the plea agreement and entry of a plea of guilty.

In response to the District Court's question of threats or promises made to cause Huggard to enter his plea of guilty, Huggard's response was made by counsel that if not accepted he would be facing a long mandatory minimum of 30 years. *JA @ 47, L 1-10 and JA @ 39-40, L 10-10.* In his letter to the District Court of May 29, 2013, *JA @ 76*, Huggard relates to his state of mind as a result of the pressure applied by counsel to accept the plea. Huggard felt as though he had no choice other than to accept the plea offer. *JA @ 86, L 7-24.*

The advice given to Huggard to plead guilty and stand silent at the plea hearing because he would be charged with and found guilty of a more serious crime, then sentenced to a minimum of 30 years deprived Huggard of a free will. Under these circumstances, Huggard should not be held to his plea of guilty.

     2.    *Whether Huggard has credibly asserted his legal innocence.*

The second of the *Moore* analysis is the assertion of legal innocence. Huggard in this case did repeatedly assert both actual and legal innocence. *JA @ 62, L 11-13 (Motion Hearing June 26, 2013; JA @ 76 (May 29, 2013 Letter to the District Court); JA @ 83, L 3-6; 90-91, L 23-1; 93, L 1-4, 11-14; 104, L 19-21; 106, L 1-4 (Motion Hearing October 8, 2013).* The entry of the guilty plea itself was an equivocal one at best reciting, by counsel, that it was being entered not

because he acknowledged guilty, but because he the guilty plea to be in his best interest. *JA @ 54, L 2-20.* The District Court citing the February 25, 2013 sentencing hearing reference the guilty plea as a reluctant one – not because he believed he had done anything wrong, but that he felt it in his best interests. *JA @ 119, L 9-18.* Simply because Huggard was operating under the assumption that a plea of guilty was in his best interests, does not rise to the level of a full acknowledgment that he is in fact guilt of the offense charged.

3.   *Whether there has been a delay between the entering of the plea and the filing of the motion.*

Because the timing of a defendant's attempt to withdraw a plea is highly probative of motive, close scrutiny of the chronology is often a factor in determining whether retraction is fair and just. While a prompt change of mind may well lend considerable force to a plea withdrawal motion, a long interval between the plea and the motion often weakens a claim that the plea was entered into voluntarily. Huggard, who was incarcerated, notified the District Court on May 29, 2013 of his intent to withdraw his guilty plea, 94 days following entry of the guilty plea. It should be noted that the guilty plea was entered 31 days following the issuance of the criminal complaint. The District Court concluded that Huggard's notice was not a "speedy decision" causing a delay which should be taken into consideration. *JA @ 126, L 15-18.*

The rational of the District Court fails to get adequate consideration to Huggard's acknowledgment that if the motion to withdraw was accepted he would be charged with and tired for a more serious crime. If convicted of the more serious crime Huggard was aware that his sentence would be more severe.

4.    *Whether the defendant has had close assistance of competent counsel.*

To justify a withdrawal of a guilty plea on the basis of the fourth *Moore* factor, the lack of "close assistance of counsel" and ineffectiveness of counsel at the time a defendant must show that 1) his counsel's actions fell below an objectively reasonable standard, and 2) that but for the attorney's errors, it is reasonable probable that the defendant would have chosen to face trial rather than plea guilty. *United States v. Bowman,* 348 F.3d at 416; *United States v. Ubakanma,* 215 F.3d at 425.

In addressing ineffective assistance of counsel claims, the court presumes that defense counsel rendered objectively effective performance. *United States v. Dyess,* 478 F.3d 224, 238 (4th Cir. 2007), *citing Matthews v. Evatt,* 105 F.3d 907, 919 (4th Cir. 1997). Huggard recognizes that it is his burden to overcome this presumption.

The District Court made a finding that Huggard was assisted in the plea decision by competent counsel. *JA @ 125, L 4-25.* Huggard, however, testified that counsel failed to review evidence with him and discuss trial strategies. Rather

16

counsel focused on the plea agreement and encouraged Huggard to accept same, rather than go to trial.

Competent counsel is not able to fulfill his function as an advocate if he ignores the defendant's protestations of innocence and focuses only on the advantages of a plea bargain. Huggard's description of the plea discussions with counsel leave little doubt that a plea was pre-ordained in the mind of counsel in the present case from the very start. This is further demonstrated by the time period in which these discussions were entered into and the plea entered, some 31 days from the date of the filing of the Criminal Complaint. Significantly the District Court appeared to base its finding partly on the view that Huggard received a good plea offer and used counsel's position as a Federal Public Defender and work in prior cases before the District Court to assess his effectiveness in the present case. In Huggard's case, he explained to the District Court why he answered the Rule 11 inquires as he was expected to do.

The present record contradicts the District Court's conclusion that Huggard had the close assistance of counsel.

     5.    *Whether the withdrawal will cause prejudice to the government.*

In order to show prejudice, the government may not simply rely on the costs that would inevitable attach to the trial of a particular case even in the absence of a withdrawn guilty plea. *United States v. Faris,* 388 F.3d 452, 459 (4th Cir. 2004)

(sentence vacated on other grounds, 544 U.S. 916 (2005)); *United States v. Valdez,* 362 F.3d 903, 913 (4th Cir. 2004).

Rather, the government must identify some costs that are specific to the withdrawal of the plea. *United States v. Farris,* 388 F.3d at 260. The government did not make such a demonstration here. There was a proffer by the government that the government would be prejudiced because the victim was four years old. Based on this proffer the District Court found withdrawal would be prejudicial because of the combined nature of the crime and victim. *JA @ 126, L 19-25.* However, the record is void of any evidence on which to support the government proffer, leaving the decision on the factor to one of speculation and conjecture.

> 6. *Whether the withdrawal will inconvenience the court and waste judicial resources.*

The efficient use of judicial resources has, at times, been identified as one of the primary purposes of permitting guilty pleas in lieu of trials. *United States v. Wilson,* 81 F.3d at 1306. The *Wilson* court concluded that considerations of judicial economy play a "strong role" in the withdrawal of a guilty plea.

However, the District Court in the present case concluded that this factor was not a negative one and weighted in favor of the withdrawal motion. *JA @ 127, L 1-10.*

18

## CONCLUSION

The arguments set forth above support a reversal of the District Court's denial of Huggard's Motion to Withdraw his guilty plea and justice requires that Huggard be given his constitutional right to a fair trial by jury.

## REQUEST FOR ORAL ARGUMENT

David Lee Huggard respectfully requests oral argument before the court.

Respectfully submitted,
DAVID LEE HUGGARD
Appellant

/s/ *Dennis E. Jones*
Dennis E. Jones
VA State Bar#:  14007
Dennis E. Jones & Associates, P.C.
110 Abingdon Pl
Abingdon, VA  24211
(276) 619-5005
FAX:  (276) 619-5007
dejones@bvu.net

19

**CERTIFICATE OF COMPLIANCE**

Pursuant to Rule 32(a)(7)(B)(ii) of the Federal Rules of Appellate Procedure and Local Rule of Federal Appellate Procedure 32(b), I hereby certify that this brief contains 4,382 words, excluding the parts of the brief exempted by Rule 32(a)(7)(B)(iii) and has been prepared in Microsoft Word, Times New Roman, 14 point, a proportionally spaced font.

April 1, 2014

/s/ Dennis E. Jones
DENNIS E. JONES, ESQ.
Counsel for the Appellant,
David Lee Huggard

## <u>CERTIFICATE OF FILING AND SERVICE</u>

This is to certify that the foregoing Opening Brief of Appellant and Joint

Appendix were electronically filed on the 1ˢᵗ day of April, 2014 using the CM/ECF

filing system and thus served upon the attorney for the United States, Assistant

United States Attorney Zachary T. Lee, Office of the U.S. Attorney, 180 West

Main Street, Suite B19, Abingdon, VA 24210.

*/s/ Dennis E. Jones*
DENNIS E. JONES, ESQ.
Counsel for the Appellant,
 David Lee Huggard

21